The opinion of the Court was delivered by
WaRdlaw, J.
The charge against the defendants is in effect that they corruptly conspired to pervert legal process to the unlawful purpose of extorting a deed from John D. Morris, and that they executed their purpose by the concerted means. No exception to the indictment has been taken; and *83 only the general objection to the evidence, which is contained in the fourth ground of appeal, questions the sufficiency of the matters, which were shewn, to constitute a case of conspiracy. The truth of a concert, in which all the defendants were implicated, was found by the jury : that the concert was of such kind as to make the offence of conspiracy, will appear plainly from an examination of one case, the State vs. De Witt & Watts, (2 Hill, 282,) which contains a careful exposition of law, concerning this somewhat undefined offence; and if all the testimony for the prosecution is to be believed, there was in the transaction detailed, much to be reprehended, which need not be further noticed in this court.
Of the other grounds of appeal, the first objects to the exclusion of evidence, which was offered to show a title in the defendant, Lovit Goodyear, to the land; which is described in the deed alleged to have been extorted. It will be observed, that the defendants made no offer to show any previous conveyance from the prosecutor, John D. Morris, to Lovit Goodyear, and they had, from the prosecutor himself, evidence that Lovit Goodyear had bought the land and was in possession of part of it, and from other witnesses testimony given without objection, that his claim to it was well known, and his title considered good. It was a paper title in Lovit Goodyear, which the defendants desired to show, and which was excluded. They urge that such title might have been one circumstance to disprove the fraudulent purpose imputed to them in the use of the peace warrant. Why should a deed have been extorted, say they, when the grantee in the deed already had title ? It might be answered, why should a deed from JohnD. Morris have been taken at all, if the grantee already had title ? A deed was taken — something for it was paid, or at least promised, — and it was produced by one of the defendants on the trial. It is manifest that the possession, rather than the title, was the bone of contention before the peace warrant was taken. The same views of interest which led Lovit Goodyear to demand posses *84 sion- from, the prosecutor in the morning, might have prompted a -wish to procure a surrender of all the prosecutor’s claims in the evening; the same advantages which were proposed to themselves in taking the deed, might have tempted those who took it, to acquire it unfairly; the same hope of acquiring exclusive possession by cheap and speedy means, which would have moved a claimant, whose title was doubtful, to obtain a conveyance from a squatter in possession, might have moved a true owner to the same course. The circumstance, which the defendant’s think might have been made to appear by the testimony which was excluded, was then at best of a' very equivocal kind, and for their purpose it was as well shown by the parol statements which were given in evidence, as it would have been by any chain of title. Matters wholly collateral, and especially those which are so remotely relevant to the issue as the title of Lovit Goodyear was here, may be shown by evidence which would be insufficient to establish them, if they were directly in question. A full examination of a title to land, distinguished from the possession, would employ a Court of Sessions in a very unusual, and perhaps very tedious inquiry; would be inconclusive, if all persons having interest in the examination would aid in making it, and would probably be defective for want of some of these persons. It ought not to be entered upon without manifest necessity, and there was not such necessity here.
The second and third grounds of appeal are sufficiently answered in the report. The opinions expressed by the Circuit Judge to the jury, were well warranted by the cases which have been cited at the bar, and have the sanction of this Court.
The motion is dismissed.
O’Neall, Withers' Whither, Glover and MüNRO, JJ., concurred.

Motion dismissed.